IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GUY M. DOMAI,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN B. WOOLDRIDGE,<br><br>Defendant. | **MEMORANDUM DECISION<br>AND ORDER<br>GRANTING IN PART AND DENYING IN<br>PART MOTION TO DISMISS**<br><br>Case No. 2:17-cv-949<br>Judge Clark Waddoups |

## INTRODUCTION

Plaintiff Guy M. Domai asserts a claim against Sergeant Steven B. Wooldridge based on an incident that occurred on Sunday, August 19, 2017 in a public park. Mr. Domai was detained, questioned, and then transported to a hospital for a mental health evaluation. Mr. Domai asserts his constitutional rights were violated during the incident. Sergeant Wooldridge filed a Motion to Dismiss. On December 20, 2018, a Magistrate Judge issued a Report and Recommendation, which recommends that Mr. Domai's Amended Complaint (ECF N. 9) be dismissed with prejudice for failure to state a claim. Report & Recommendation, at 7 (ECF No. 28). Mr. Domai filed an Objection to it (ECF No. 33). For the reasons stated below, the court declines to adopt the Report and Recommendation and grants in part and denies in part the Motion to Dismiss.

1

# FACTUAL BACKGROUND

**Mr. Domai's Allegations**

Mr. Domai asserts he was at Liberty Park on Sunday, August 19, 2017, working on cases he had filed in court.[1] Around 11:00 a.m., he took a break to eat. Shortly afterwards, he observed Sergeant Wooldridge talking with two individuals who had been playing volleyball at the park. The two individuals allegedly were pointing at Mr. Domai as they talked to Sergeant Wooldridge. Mr. Domai further asserts that about five minutes later two other police cars arrived, and those officers were then seen talking with Sergeant Wooldridge and the two volleyball players. Two officers subsequently approached him "aggressively . . . as if they wanted to arrest him." Amended Complaint, at 2 (ECF No. 9).

Mr. Domai asserts he stood up from the park bench and started backing away from the officers. In response, "[t]he officers started following him, telling him to not be scared, that everything will be ok." *Id.* Mr. Domai asserts he kept backing up and asking them why they were "charging" him. *Id.* He then stopped and the officers immediately put him in handcuffs. When he asked them why they were detaining him, the officers responded "that somebody called in and claimed that the plaintiff was deliberately making threats to people there with a knife." *Id.*

Mr. Domai denied the allegation "and asked who made that complaint." Sergeant Wooldridge, the "highest officer on duty, refused to provide that information."[2] *Id.*

---

[1] Mr. Domai states in his Amended Complaint that he was working on three cases he had filed. Amended Complaint, at 2 (ECF No. 9). He has filed at least twenty-three cases in this court alone.

[2] Before being transported to the hospital, Mr. Domai also asserts he asked if he could be released to gather up his belongings and was denied that opportunity. He does not assert, however, that his property was lost as a result of the encounter. Thus, the court focuses only on the claim of an unlawful detention.

The Amended Complaint asserts one cause of action for a violation of due process. Although not stated expressly, the claim appears to have been brought under 42 U.S.C. § 1983 based on the elements Mr. Domai asserts he has to prove. Mr. Domai asserts he has to show (1) "a constitutionally protected property interest," and (2) "[t]hat He was deprived of that interest without due process." Amended Complaint, at 3. He asserts he had the constitutionally protected "right to know what He was being accused of." *Id.* He further asserts he was deprived of his rights because "the officers prevented the plaintiff the right to defend himself or offer an explaination [sic] to the so called crime that He was being accused of." *Id.*

**CAD Call**

When Sergeant Wooldridge filed his motion to dismiss, he attached a copy of the Salt Lake City Police Department CAD Call to the motion on the basis that "Mr. Domai referred to the report made to the police in his Complaint." Mot. to Dismiss, at 2 n.3 (ECF No. 15). The CAD Call stated a caller and a second-party caller were on scene reporting an incident in progress. CAD Call, at 3 (ECF No. 15-1). The caller reported that a man was walking around with a kitchen knife 6 to 7 inches long. *Id.* at 1, 3. The caller then reported the man was sitting at a table near the volleyball courts, and "was on his phone stating 'I am right here, I can handle it.'" *Id.* at 1. Sergeant Wooldridge arrived on the scene at 13:56:59. *Id.* He reported "walking in from north end" at 13:58:06. *Id.* By 13:59:45 he had a "visual of susp w/of north men's room." *Id.* About a minute later at 14:00:52, Sergeant Wooldridge reported "M was rambling talking about slashing people in face." *Id.* Four minutes later, Sergeant Wooldridge requested a different supervisor also be on the scene because he and the "susp don't have positive prior interaction." *Id.* at 1–2. The

report then confirms that Mr. Domai was transported to the University of Utah for a psychological evaluation. *Id.* at 2.

Notably, the events in the CAD Call occurred on Sunday, August 14, 2016 around 2:00 p.m. Mr. Domai asserts the events in his complaint occurred on Sunday, August 19, 2017 around 11:00 a.m. The complaint and CAD Call differ as to the day of the month, year, and time.

## **PROCEDURAL HISTORY**

Sergeant Wooldridge filed a Motion to Dismiss on May 7, 2018 (ECF No. 15). Mr. Domai asked for two extensions of time to respond, which were granted. Orders Extending Time (ECF Nos. 18, 25). The orders extended the time to respond until August 30, 2018.

In the interim, Mr. Domai filed a 48-page document of proposed subpoenas to various officers. Subpoena Requests (ECF No. 22). Among other items, the proposed subpoenas contain interrogatories to various individuals, a request for the identity of the callers, and a request for the audio or video recording of Sergeant Wooldridge's conversation with the complainants because the CAD Call had their information redacted. *See e.g.*, *id.* at 4, 10, 13. Mr. Domai further sought information to prove the incident at the park was "premeditated." *Id.* at 15. He included "Notes to Court" that allege Salt Lake City is racist, law enforcement "constantly track down" through "scare and intimidation tactics," and this court engages in "quick, systematic and early discarding of cases by abusively using . . . court processes such as reports and recommendations" that deny cases "regardless of the true nature of the case."[3] *Id.* at 9. Sergeant Wooldridge objected to the

---

[3] In light of the extensions and allowances afforded to Mr. Domai in this case, his assertion is not well-taken.

subpoenas on the grounds that they were improper and outside the scope of Rule 45 (ECF No. 21).

On August 31, 2018, Mr. Domai filed a response contending that the subpoenas were appropriate. He also referenced the Motion to Dismiss and asserted he "was handcuffed, detained and taken to the University of Utah for psychological evaluation without his will, *without probable cause* or any comprehensible reason." Response, at 1 (ECF No. 26) (emphasis added). He further asserted he needed discovery before he could respond to the Motion to Dismiss. Then, more than two months late, Mr. Domai filed his Memorandum in Opposition to the Motion to Dismiss on November 5, 2018 (ECF No. 27).

On December 20, 2018, the Report and Recommendation was issued recommending that Mr. Domai's complaint be dismissed with prejudice for failure to state a claim. Report & Recommendation, at 7 (ECF No. 28). The Report was based on the same grounds stated in the Motion to Dismiss and on the standard under 28 U.S.C. § 1915(e). It informed Mr. Domai he had fourteen days to file an objection. Because the Report recommended dismissal, the Magistrate Judge declined to address Mr. Domai's proposed subpoenas *Id.* at 2.

On January 7, 2019, eighteen days after the Report was entered, Mr. Domai sent an email to the court stating that he had not received the recommendation until January 4, 2019 because he had moved to St. Louis, Missouri, and that he would be asking for a continuance. Email (ECF No. 29). The Motion for Extension was received on January 10, 2019, and the court granted an extension until January 24, 2019 to file an Objection. Order, at 1 (ECF No. 32). Mr. Domai sent his Objection by email on January 24, 2019, and the hard copy was received on January 28, 2019. Objection (ECF No. 33).

5

In his Objection, Mr. Domai alleges he filed suit not for the reasons stated in the Report and Recommendation, but because he was detained and transported without probable cause. *Id.* at 4. He asserts again the encounter was premeditated and racially motivated, and that Sergeant Wooldridge also negligently directed officers to arrest him. *Id.* at 5, 7, 11. He seeks to amend his complaint to assert claims against two officers, the Chief of Police, the Governor, and two entities regarding abuse of process, conspiracy, aiding and abetting a conspiracy, infliction of emotional distress, and excessive use of force. *Id.* at 16–18. Sergeant Wooldridge requests that the court overrule Mr. Domai's Objection and deny Mr. Domai's untimely request for leave to amend. Response to Objection (ECF No. 34).

## ANALYSIS

### I. STANDARD OF REVIEW

#### A. In Forma Pauperis - 28 U.S.C. § 1915(e)

Mr. Domai is proceeding *in forma pauperis*. The court therefore has an obligation to determine whether Mr. Domai's claim is "frivolous or malicious" or whether its "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). In doing so, the court typically cannot consider affirmative defenses *sua sponte* unless the complaint "provide[s] a 'factual backdrop that clearly beckons' dismissal on that basis." *Williams v. Wilkinson*, 645 Fed. Appx. 692, 696 n.5 (10th Cir. 2016) (quotations, citation, and alteration omitted); *see also Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (stating *sua sponte* consideration of affirmative defenses under a Section 1915 analysis should be "reserved for those extraordinary instances" where the complaint "beckons the defense").

### B. Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citation omitted). In other words, the "factual allegations in a complaint must be enough to raise a right to relief above the speculative level." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quotations, citations, and alterations omitted). When making this determination, "all well-pleaded factual allegations in a complaint" are "accept[ed] as true" and they are viewed "in the light most favorable to the plaintiff." *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quotations and citations omitted).

Moreover, because Mr. Domai is proceeding *pro se*, the court must construe his complaint liberally. *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (citations omitted). This means the court "make[s] some allowances for deficiencies, such as unfamiliarity with pleading requirements, failure to cite appropriate legal authority, and confusion of legal theories." *Lankford v. Wagner*, 853 F.3d 1119, 1121 (10th Cir. 2017) (citation omitted). "Dismissal of a pro se complaint is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Curley*, 246 F.3d at 1281 (quotations and citation omitted).

## II. MOTION TO DISMISS

### A. Fourth Amendment versus Fourteenth Amendment

Mr. Domai asserts his cause of action arises from a Due Process violation. Sergeant Wooldridge, however, asserts this case should be analyzed under the Fourth Amendment rather

7

than the Fourteenth Amendment because the case pertains to whether Mr. Domai was lawfully detained. The court agrees.

The United States Supreme Court has declared that "§ 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 394 (1989) (quotations and citations omitted). Consequently, the court must begin its analysis "by identifying the specific constitutional right allegedly infringed." *Id.* (citation omitted).

In the case of *Pino v. Higgs*, 75 F.3d 1461, 1469 (10th Cir. 1996), the Tenth Circuit concluded that if a Fourth Amendment claim fails for unlawful detention and transport to a mental health facility, a Fourteenth Amendment claim "also necessarily fail[s]." This is so because the Fourth Amendment's protection against unreasonable searches and seizures is a more specific protection than the Fourteenth Amendment's general guarantees. *Id.* Thus, a claim based on lack of "probable cause must be brought under the specific guarantees of the Fourth Amendment rather than the generalized guarantee of substantive due process." *Id.* (citing *Albright v. Oliver*, 510 U.S. 266, 273 (1994)).

Because Mr. Domai is proceeding *pro se*, the court makes an allowance for his failure to plead his action under the proper legal theory. The facts of the complaint, however, are sufficient to show this claim should be addressed as a Fourth Amendment claim. Since the Fourth Amendment is the proper legal theory of this case, the court dismisses Mr. Domai's Fourteenth Amendment claim.

### B. Face of the Complaint

Applying the Fourth Amendment analysis, Sergeant Wooldridge contends the complaint fails to assert a cause of action against him. He identifies three allegations in the complaint that are specific to him. First, he "talked to two individuals in the park." Mot. to Dismiss, at 6 (ECF No. 15). Second, he "declined to tell Mr. Domai the identity of the individuals that had called the police." *Id.* Third, he "told Mr. Domai that he would get help at the hospital." *Id.* Sergeant Wooldridge contends these are the only allegations that apply specifically to him, and they are insufficient to show he personally participated in any alleged violation of Mr. Domai's rights.

The allegations identified by Sergeant Wooldridge, however, are not the only allegations against him in the complaint. Mr. Domai also asserts that when two other officers arrived on the scene, they "headed straight to Sergeant Wooldridge and the two civilians" to whom he was talking. Amended Complaint, at 2 (ECF No. 9). Shortly thereafter, the same two officers approached and handcuffed Mr. Domai. He further asserts that Sergeant Wooldridge was the "highest officer on duty." *Id.* From these allegations and Mr. Domai's later filings and Objection, one may reasonably infer that Mr. Domai is asserting Sergeant Wooldridge gave a command to the two officers to arrest Mr. Domai without probable cause.

Under supervisory liability, a person may be liable "where the plaintiff demonstrates an 'affirmative link' between the constitutional violation and the defendant's actions." *Buck v. City of Albuquerque*, 549 F.3d 1269, 1287 (10th Cir. 2008) (quoting *Rizzo v. Goode,* 423 U.S. 362, 371 (1976)). Thus, in situations where the event occurred under the supervisor's direction, a supervisor may be personally liable. *Id.* (citing *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008)). Because Mr. Domai asserted Sergeant Wooldridge was the "highest officer on duty," a liberal

9

reading of the complaint's allegations allows for a cause of action under the Fourth Amendment for supervisory liability on the basis of an unlawful arrest.[4]

## III. PROBABLE CAUSE

### A. Authority to Transport for a Mental Health Evaluation

The Tenth Circuit has stated "'[t]he Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted— indeed, for every suspect released.'" *Pino*, 75 F.3d at 1469 (quoting *Baker v. McCollan*, 443 U.S. 137, 145 (1979)). In *Pino*, a woman allegedly had locked herself in a room and had not eaten for several days. *Id.* at 1463. She reportedly appeared despondent. *Id.* Concerned family members called the woman's therapist, who in turn called the police to investigate. *Id.* When the officers arrived, they confirmed the woman was locked in her room and refused to come out. *Id.* Her therapist recommended to one of the officers that she be transported for a mental health evaluation. *Id.* Despite reporting to the officers that she was fine, they transported her for an evaluation against her will. After two days at a facility, she was released because the staff "concluded that she was not mentally ill." *Id.* at 1464. The woman then filed a § 1983 action on the basis that her Fourth and Fourteenth Amendment rights were violated. In turn, the officers "moved for summary judgment on the basis of qualified immunity." *Id.* at 1467.

---

[4] As stated above,"[d]ismissal of a pro se complaint is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Curley*, 246 F.3d at 1281 (quotations and citation omitted). Reading the complaint liberally, the court concludes it adequately states a Fourth Amendment cause of action. Even if it does not, however, the court would have to grant leave to amend because Mr. Domai expressly asserts in his Objection that his action is based on lack of probable cause. That allegation is sufficient to avoid the "futility" argument.

The Court recognized that "[t]he state has a legitimate interest in protecting the community from the mentally ill" who pose a risk of harm to others, "and in protecting a mentally ill person from self-harm." *Id.* at 1468. Thus, if an officer has probable cause "to believe the person, as a result of mental illness, presents a serious likelihood of harm to [oneself] or others and that immediate detention is necessary to prevent such harm," that officer may "detain and transport a person for an emergency mental health evaluation." *Id.* (quotations, citation, and alteration omitted).

### B. CAD Call and Affirmative Defense

As stated above, Sergeant Wooldridge attached a copy of a CAD Call to his Motion to Dismiss. "A 12(b)(6) motion must be converted to a motion for summary judgment if 'matters outside the pleading are presented to and not excluded by the court.'" *Burke v. Holdman*, 750 Fed. Appx. 616, 620 (10th Cir. 2018) (quoting Fed. R. Civ. P. 12(d)). "[T]he purpose of that rule is to afford the plaintiff an opportunity to respond in kind" to information about which the person may not have had notice. *Inge v. McClelland*, 725 Fed. Appx. 634, 638 (10th Cir. 2018) (quotations and citation omitted).

"Notwithstanding these general principles, if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *Burke*, 750 Fed. Appx. at 620 (quotations and citation omitted). "If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied." *Id.* (quotations and citation omitted).

In this case, Mr. Domai alleges the officers "claimed that somebody *called in*." Amended Complaint, at 2 (ECF No. 9) (emphasis added). The CAD Call provides details about a call in and subsequent encounter at Liberty Park. It states that Sergeant Wooldridge had a visual on the suspect and that the person was rambling and talking about slashing people in the face. While this may support that Sergeant Wooldridge had probable cause to detain and transport Mr. Domai for a mental health evaluation, the court does not address whether the CAD Call may be considered on the Motion to Dismiss without converting it to a summary judgment motion. This is so for two reasons.

First, the day, year, and time of the event in the CAD Call are not consistent with the day, year, and time alleged in Mr. Domai's Amended Complaint. The court cannot resolve this discrepancy without making assumptions of fact. Absent the CAD Call, there is no information about a person "rambling" and "talking about slashing people in [the] face." Hence, it becomes unclear whether the detention and transportation for a mental health evaluation were appropriate. Second, the Tenth Circuit has admonished that a court typically should not rule on an affirmative defense *sua sponte*. Because Sergeant Wooldridge has not raised the issue of qualified immunity based on probable cause, the court is not in a position to rule on the matter. More details about the encounter at the park are needed for the court to address the issue. Accordingly, the court denies the motion to dismiss Mr. Domai's Fourth Amendment claim.

## IV. OTHER MATTERS AND SCHEDULING

### A. Motion for Leave to Amend

When Mr. Domai filed his Objection to the Report and Recommendation, he also included proposed amendments to his complaint, both as to the number of parties and the causes of action.

The issue at hand, however, is whether there was probable cause to detain and transport Mr. Domai for a mental health evaluation. If probable cause existed, then there can be no liability against any individual for conspiracy, infliction of emotional distress, and so forth. Moreover, there are no asserted facts to support an excessive use of force claim. Accordingly, at this time, the court denies Mr. Domai leave to amend his complaint.

B.     **Answer and Discovery**

The court directs Sergeant Wooldridge to file his Answer and any affirmative defenses on or before Friday, April 26, 2019. If Sergeant Wooldridge asserts affirmative defenses, the court requests that he state in detail the factual basis for each defense, including the date and time of the events at issue. After his answer is filed, the court will address the scope of discovery, if any, that will be allowed.

Mr. Domai has proposed subpoenas that include interrogatories and requests for production. Some of the requests may be relevant at this stage of the litigation. Sergeant Wooldridge filed a global Objection to the subpoenas (ECF No. 21). Although the court acknowledges the Objection may have been appropriate both in terms of timing and content, the court requests that Sergeant Wooldridge re-review the proposed subpoenas and notify the court as to which interrogatories and requests for production he objects to and why, in light of the present posture of the case, and those to which he does not object, if any (hereinafter "Notice"). The court directs Sergeant Wooldridge to file his Notice on or before Friday, April 26, 2019. After the court has reviewed the Answer and Notice, the court will determine how the case shall proceed. Until that time, the Attorney Planning Meeting and all further discovery is stayed.

## CONCLUSION

For the reasons stated above, the court GRANTS IN PART and DENIES IN PART the Motion to Dismiss (ECF No. 15) and declines to adopt the Report and Recommendation (ECF No. 28). In particular, the court grants the motion to dismiss Mr. Domai's Fourteenth Amendment claim. The court denies the motion to dismiss Mr. Domai's Fourth Amendment claim. The court also DENIES Mr. Domai's Motion for Leave to Amend (ECF No. 33).

Sergeant Wooldridge is directed to file his **Answer on or before April 26, 2019**. He is further directed to file his **Notice on or before April 26, 2019**.

DATED this 28th day of March, 2019.

BY THE COURT:

Clark Waddoups
United States District Judge